### J. E. Ross v. Strahorn-Hutton-Evans Commission Company.

Delivered May 21, 1898.

1. **Chattel Mortgage—Fraudulent Release.**

   A chattel mortgage properly registered remains a valid mortgage as to a subsequent mortgagee, notwithstanding a release of the mortgage fraudulently obtained, where such subsequent mortgagee had no actual knowledge of either the mortgage or the purported release.

2. **Same—Pleading Release.**

   A release of a chattel mortgage made by mistake and fraudulently entered in the chattel mortgage registry must be pleaded by a subsequent mortgagee who relies on such release to give him priority over the first mortgage.

APPEAL from Callahan.	Tried below before Hon. T. H. Conner.

*J. E. Thomas, Arthur Yonge,* and *W. H. Cliett,* for appellant.

*Robert L. Ball* and *Otis Bowyer,* for appellee.

STEPHENS, Associate Justice.—The court's conclusions of fact we adopt, from which it appears that appellant Ross shipped to market and sold, appropriating the proceeds of the sale to his own use, a lot of cattle upon which the appellee had a valid and prior mortgage, and that while this prior mortgage had been duly registered in the proper county, a release thereof had been made by mistake and fraudulently entered in the chattel mortgage registry, but that Ross had no actual knowledge either of the mortgage or the purported release at the time he took the junior mortgage under which he appropriated the cattle. The fact of this release, or the record thereof, was not set up in the pleadings of appellant Ross, nor was any mistake or fraud in avoidance of the same alleged on the part of the appellee.

Our conclusion of law therefore is, that the registration of the mortgage was constructive notice to appellant Ross, and as he was not in fact misled by the mistaken release and fraudulent registration thereof, he was chargeable in taking his own mortgage with constructive notice of the prior mortgage of appellee, which, as it had not in reality been released, remained a valid and subsisting mortgage. That is to say, the purported release, being matter in avoidance of the mortgage, should have been pleaded, as should also an estoppel, had the facts warranted it.

Instead, therefore, of treating the mortgage, according to the contention of appellant, as void under the statute for want of registration, because of the release, we think the release should be treated as of no avail to appellant, since he did not plead it, which failure to plead it relieved ap-

pellee of the necessity of pleading the mistake. But if the issues developed by the evidence had been fully pleaded on both sides, the result would have been the same, since the release, having been made by mistake, would have amounted to nothing, in view of the fact that appellant was ignorant thereof, and hence could not claim an estoppel.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.