ADAMS-BURKS-SIMMONS COMPANY v. J. H. JOHNSON ET AL.

Decided July 4, 1908.

**1.—Mortgage—Renewal—Effect.**

The taking of a second mortgage to secure the same debt secured by the first mortgage and upon the same property does not operate as a satisfaction and release in law of the first mortgage.

**2.—Pleading—Amendment—Limitation.**

When an amended pleading only alleges a new reason why plaintiff should recover on the right alleged in his original petition it does not constitute a new cause of action against which a plea of limitation might be interposed.

**3.—Mortgage—Conversion of Mortgaged Property—Limitation.**

A chattel mortgage was executed on the 11th day of September, 1905, and was renewed on the 17th day of January, 1906; during the interval the mortgagor sold the mortgaged property, which fact the mortgagee first learned on August 3, 1906; subsequently the mortgagee filed suit against the mortgagor for his debt and for foreclosure of the renewal mortgage, and made the purchaser of the property a party defendant, alleging conversion of said property by him; it being shown during the progress of the trial that the purchaser bought the mortgaged property prior to the execution of the renewal mortgage, the mortgagee filed a trial amendment on October 31, 1907, setting up the existence of the first mortgage at the time the purchaser bought the property; the purchaser had had possession of the property for more than two years prior to the trial amendment. Held, the mortgagee's cause of action against the purchaser was not barred by limitation.

**4.—Conversion—Liability.**

One who converts mortgaged property is liable for the full value of the property only when such value is less than the incumbrance.

Appeal from the County Court of Comanche County. Tried below before Hon. Edwin Dabney.

*E. C. Gaines,* for appellant.—One cannot be an "innocent purchaser for value" of mortgaged property when the mortgage is duly on record at the time of the purchase and the property is purchased either in the county of registration or in some other county to which it has been removed without the knowledge or consent of the mortgagee. Rev. Civ. Stats., art. 3328; Crews v. Taylor, 56 Texas, 466; Spikes v. Brown, 49 S. W., 725 (on removal without knowledge or consent).

When an amended pleading relates to the same debt, between the same

parties, and secured by the same lien, it does not constitute a new cause of action. Townes' Texas Pleading, p. 315.

The renewal of a debt continues in force the lien even without any mention of the lien. Willis v. Sanger Bros., 15 Texas Civ. App., 664, sec. 4; Montague Co. v. Meadows, 21 Texas Civ. App., 256.

Limitation does not run against one from whom an adverse claim has been cancelled by fraud until he learns of the fraud, or by reasonable diligence would have learned of it. Texas & Pac. Ry. v. Gray, 86 Texas, 608; Texarkana Water Co. v. Kizer, 63 S. W., 912; Mutual Life Ins. Co. v. Garland, 23 Texas Civ. App., 382; ib. 73.

*Martin & George,* for appellee Hollis.—Limitation begins to run against a mortgagee in favor of an innocent purchaser for value with only constructive notice, from the date of the purchase, where the purchase amounts to a detention or conversion of personal property, and no fraud is shown on the part of the purchaser. Rev. Stats., art. 3354; First Nat. Bank v. Bernard, 30 S. W., 580.

Two separate and distinct mortgages or notes for different amounts, and bearing different dates, in no manner referring to each other, and being in part upon different property, though executed between the same parties, constitute upon their face separate and distinct contracts or obligations, and a petition declaring upon one, and in no manner referring to the other, would not permit a recovery under both, and an amended petition asking a recovery under both would be a new cause of action.

SPEER, ASSOCIATE JUSTICE.—Appellant sued to recover a debt due by appellee Johnson, secured by a chattel mortgage on two certain mules, and to recover the value of the mules as against appellee Hollis upon an allegation that he had converted the security, and from an adverse decision by the trial court has appealed.

The findings of fact of the trial court, upon which he based his judgment, are as follows:

"First: I find that the mortgages declared upon in the plaintiff's first amended original petition were filed on the 17th day of January, 1906, the same day the defendant made and executed the said mortgages to the said plaintiff. One of said mortgages was made to secure a note for the amount of $303.75, and retained a lien against and described the two mules in controversy between said plaintiff and the defendant Hollis.

"Second: I find that the defendant J. H. Johnson, on October 17, 1905, sold the mules in controversy between defendant and plaintiff Hollis to one Cull Stafford, in Stephenville, Erath County, Texas, and that the said Stafford paid valuable consideration for said mules, and that he had no actual notice of any lien of any kind against said mules at the time of said purchase; and that thereafter, on the first Monday in December, 1905, the said Stafford sold the said mules to the defendant J. H. Hollis, in Stephenville, Erath County, Texas, receiving therefor a valuable consideration, and that the said Hollis had no actual notice of any lien whatever against the said mules at the time of said purchase; and that the said Hollis, together with the said Stafford, have had possession of the said mules in Erath County, Texas, for more than two

years prior to the filing of the plaintiff's trial amendment, as herein shown, which trial amendment was filed on the 31st day of October, 1907.

"Third: I find that on the 11th day of September, 1905, defendant J. H. Johnson duly executed to the plaintiff his mortgage note for the sum of $138.75, which was secured by lien on the two mules in controversy between said plaintiff and defendant Hollis, which said mortgage was first set up in plaintiff's trial amendment, and that said amount was taken up by the note hereinbefore referred to, executed on the 17th day of January, 1906, for $303.75, which said note was secured by a mortgage on said two mules in controversy; I find that the said mortgage for $138.75 was duly recorded in the county clerk's office of Comanche County, Texas, on the 18th day of September, 1905, and that the old mortgage executed on the 11th day of September, 1905, was taken up at the time that the new mortgage was executed, and that the new note and mortgage was given in renewal of the $138.75, together with other amounts at that time due by the defendant Johnson to the said plaintiff.

"Fourth: I find that the said note and mortgage of date January 17, 1906, was filed with the county clerk of Erath County on the 3d day of August, 1906, same being the day on which plaintiff first learned that said mules had been sold by said Johnson and were in Erath County. I also find that plaintiff never consented for said mules to be sold or removed out of Comanche County.

"Fifth: I find that each of said mortgages contained the usual stipulations whereby said security was also security for any other or additional debts which said Johnson might become indebted to plaintiff, either in his own right or as security for others; and I find that said Johnson thereafter became indebted to said plaintiff in the sum of $233.70, by reason of said plaintiff having paid a note for like amount to the Comanche National Bank of Comanche, Texas, which said note was secured by the said Johnson on the 17th day of January, 1906; and I find that, at the time of the trial, after deducting all legal offsets, payments and credits, said defendant Johnson was still indebted to said plaintiff in the sum of $263.72."

On a former day of the term we reversed and rendered this cause in the following words:

"From the court's findings of fact it necessarily follows, we think, that appellant is entitled to judgment against appellee Hollis unless he is precluded by the statute of limitations, upon which the trial court seems to have based his decision. The taking of the second mortgage to secure the same debt secured by the first mortgage, upon the same property, does not operate as a satisfaction and release in law of the first mortgage. (Ploeger v. Johnson, 26 S. W., 432; Howard v. First Nat. Bank, 24 Pac. (Kan.), 983; Challis v. German Nat. Bank, 56 Ark., 88; 19 S. W., 115; Austin v. Bailey, 24 Atl. (Vt.), 245.) Indeed, appellee has not pleaded that the first mortgage was released, and the burden would be upon him to do so, and to support the allegation by proof (Ross v. Strahorn-H.-E. Com. Co., 18 Texas Civ. App., 698), so that we have to consider only the question of limitation above suggested.

"The trial court wrongfully confounded appellant's cause of action with the grounds of recovery relied upon to establish his cause of action. In other words, appellant's cause of action against Hollis is one for the

wrongful conversion of chattels upon which he held a valid lien, and in no sense a recovery upon the written instrument evidencing Johnson's indebtedness, or even upon the written contract giving the mortgage lien. Appellant's trial amendment, in effect, only alleged a new reason why his right to recover, first alleged in his original petition, should prevail against appellee. This was in no just sense a new cause of action. (Johnson v. Texas C. R. Co., 93 S. W., 433.)

"Upon the trial court's findings of fact, which we adopt, the judgment is reversed and judgment here rendered in favor of appellant against appellee J. H. Hollis for $263.72, with ten per cent. interest thereon from November 29, 1907, but as to the other appellees the judgment is not disturbed."

Upon a consideration of the motion for rehearing we have decided that we were in error in rendering the judgment for appellant against appellee Hollis for the sum of $263.72, since the findings of fact of the trial court do not show the value of the mules converted by the appellee Hollis. Of course, if the mortgaged property converted by Hollis was worth less than the indebtedness owing by appellee Johnson to appellant, and secured by the mortgage lien on such property, the judgment against Hollis should be for the value of the property only, and in the absence of a finding by the court as to this value we should not render the judgment, but the same will be remanded upon the conclusions originally announced and above set forth. The motion for rehearing is therefore granted to the extent of remanding the cause as between appellant and appellee Hollis.

*Reversed and remanded.*

Presler, Associate Justice, not sitting.