AMERICAN TYPE FOUNDER CO. v. FIRST NAT. BANK OF TEAGUE.

(Court of Civil Appeals of Texas. Austin. Jan. 22, 1913. On Motion for Rehearing, April 9, 1913.)

1. CHATTEL MORTGAGES (§ 150*) — RECORDATION—NOTICE.

Under Rev. St. 1895, art. 3328, declaring that every chattel mortgage not forthwith recorded shall be void as to any subsequent purchaser, the record of a chattel mortgage as required by law is constructive notice to all parties subsequently dealing with the property.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 246–252; Dec. Dig. § 150.*]

On Motion for Rehearing.

2. CHATTEL MORTGAGES (§ 241*)—DISCHARGE—PAYMENT OF DEBT.

Where the buyer of personal property gives a chattel mortgage for the purchase price, the giving of another mortgage to secure the identical debt, coupled with the execution of new notes and the cancellation of the old, does not discharge the original chattel mortgage, where the only consideration was an extension of time.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 503, 504; Dec. Dig. § 241.*]

3. NOVATION (§ 5*) — CHATTEL MORTGAGE — DISCHARGE.

Where the notes of the original debtor, secured by chattel mortgage, were marked paid and surrendered to a purchaser of the property on his giving his own notes and a new mortgage, with the intention on the part of the creditor to release the original debtor and look only to the buyer, the payment being intended to discharge the original notes, there was a complete novation which discharged the first debt and the chattel mortgage given to secure it.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 5; Dec. Dig. § 5.*]

4. CHATTEL MORTGAGES (§ 235*) — EXTINGUISHMENT.

A chattel mortgage being but an incident of the debt the payment of the debt for which it was given extinguishes the mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 496–499, 507; Dec. Dig. § 235.*]

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

Action between the American Type Founder Company and the First National Bank of Teague. From a judgment for the latter, the former appeals. Affirmed on rehearing.

Baker, Botts, Parker & Garwood, of Houston, and W. E. Terrell, of Teague, for appellant.

## Findings of Fact.

JENKINS, J. On July 19, 1907, one L. C. Kirgin bought of appellant a complete outfit for a printing office, and in payment of the same executed his promissory notes, due from October 19, 1907, to January 19, 1909, respectively, and to secure said notes executed to appellant a mortgage on the property so purchased, particularly describing the same, which mortgage was duly recorded in Freestone county, where the property was situated, on July 31, 1907. A few months thereafter Kirgin sold said printing office outfit to T. L. Childs, who assumed the payment of said indebtedness, and did not pay any other consideration. On the 8th day of September, 1909, said Childs executed his note to the appellee, the First National Bank of Teague for $1,500, and to secure the same gave a mortgage on said property, which mortgage was filed in said Freestone county on September 9, 1909. On the 8th day of March, 1910, the Kirgin notes being due and unpaid, the said Childs, in consideration of an extension of time for the payment of same, executed to said Type Founder Company his three several notes for the sum of $423 each, due in one, two, and three years, and to secure the same executed to said Type Founder Company a mortgage on the same property, which was filed in said county on the 8th day of March, 1910. Thereupon appellant, the said Type Founder Company, delivered said Kirgin notes to said Childs, stamped "Paid." There was no other consideration for the execution of the last notes mentioned, except the extension of time for the payment of the original debt evidenced by the Kirgin notes, and said debt has never been paid.

The issue in this case was as to the priority of said mortgages. The court below found in favor of appellee on said issue, and held that the mortgage given by said Childs to said bank was superior to the other mortgages. The mortgage given by Kirgin was never released by appellant.

## Opinion.

[1] The record of a chattel mortgage, as required by law, is constructive notice to all parties. The giving of a second mortgage to secure the identical debt for which the first mortgage was given, the consideration therefor being merely the extension of time for the payment of said debt, does not amount to a payment of said debt, and does not release the property from the mortgage lien. The release of the original debtor Kirgin, by stamping the notes "Paid," and surrendering them in lieu of new notes taken for the same debt, did not operate as an extinguishment of said debt, nor a cancellation of the mortgage lien given by Kirgin. Article 3328, R. S. 1895; Willis v. Sanger, 15 Tex. Civ. App. 655, 40 S. W. 233; Bank

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

of Springfield v. Bank of Commerce, 139 S. W. 665; Ross v. Commission Co., 18 Tex. Civ. App. 698, 46 S. W. 398.

For the reasons above given, the judgment of the trial court herein is reversed and here rendered for appellant.

Reversed and rendered.

### On Motion for Rehearing.

[2] Appellee in its motion for rehearing concedes the correctness of the proposition of law announced in our opinion herein that the execution of a new note and mortgage, if intended to secure or merely to extend the time of the payment of the original debt, will not amount to the payment of the debt nor to a release of the former mortgage; and further concedes that, where the transaction is between the same parties, it will be presumed as a matter of law, in the absence of evidence, to the contrary, that such new note and mortgage were not intended as a payment of the debt.

[3] Appellee advances a counter proposition which is also sound, that, where it is made to appear that the new note and mortgage was in fact intended by the parties as payment of the original debt, such new note and mortgage will amount to a novation, and the new mortgage will take effect only from the time of its execution. Appellee contends, with reason, that where, as in this case, the notes of the original debtor are marked paid and surrendered with the intention on the part of the creditor to release the original debtor and look only to the substituted debtor, this affords strong evidence of novation.

[4] This case was tried before the court who filed findings of fact. These findings were not incorporated in the original record, but by certiorari were made part of the record herein. Said findings of fact not being in the original record, we overlooked the fact to which our attention has been called, that the court expressly found: "That the notes and mortgage of Tilden C. Childs were not executed and delivered in lieu of nor in renewal or extension of the notes and mortgage of L. C. Kirgen." If such is the fact, the judgment of the trial court was correct. There is some evidence in the record, in addition to the fact that the Kirgen notes were marked paid and were surrendered and the notes of another party, to wit, Childs, were taken, to indicate that such transaction was intended by the parties as payment of the Kirgen debt. The mortgage being but an incident of the debt, of course, if the debt was paid, the mortgage was extinguished.

As the court made a special finding on this issue, and as we cannot say that finding is unsupported by the evidence, the motion for a rehearing is granted, the judgment of this court reversing and rendering judgment for appellant is set aside, and the judgment of the trial court affirmed.