LAW SPRINKLE MERCANTILE CO. v.
HAUSE et al. (No. 5614.)

(Court of Civil Appeals of Texas. Austin.
March 15, 1916. Rehearing Denied
April 12, 1916.)

1. CHATTEL MORTGAGES ⊕⟶22 — VALIDITY —
FUTURE ADVANCES.

A chattel mortgage to secure future advances is valid and binding on the parties.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 68; Dec. Dig. ⊕⟶22.]

2. CHATTEL MORTGAGES ⊕⟶138(1)—RIGHTS OF
MORTGAGEE—EXECUTION PURCHASER.

Property including a mule was mortgaged to secure future advances to make a crop. Thereafter the mule was sold under execution against debtor. At that time the remaining property was more than sufficient to discharge any advances made. The mortgagee continued to make advances and then prayed foreclosure of the mortgage on the mule. *Held,* that though Rev. St. 1911, art. 3744, permits a creditor to levy on mortgaged property, yet, as it provides such levy shall be subject to the mortgage, and as the mortgagee under penalty of breach of contract was bound to continue making advances, the mortgagee took priority over the purchaser at execution sale.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 228, 229, 231–236; Dec. Dig. ⊕⟶138(1); Mortgages, Cent. Dig. § 325.]

Appeal from Milam County Court; John Watson, Judge.

Action by the Law Sprinkle Mercantile Company against E. Hause and Arthur Cobb. From a judgment for the last-named defendant, plaintiff appeals. Reversed and remanded.

Morrison & Lewis, of Cameron, for appellant. Chambers & Baskin, of Cameron, for appellee.

RICE, J. Appellant, a private corporation, brought this suit against appellee Hause to recover a balance on a note and to foreclose its mortgage on certain mules and other personal property secured thereby, and against Arthur Cobb, on the ground that he had converted one of the mules so mortgaged to his own use, praying a foreclosure against him on said mule. John M. and J. D. Hefley Company, a private corporation, intervened, alleging that it had purchased the mule in question at execution sale against E. Hause and had sold it to Cobb, warranting title thereto. Cobb answered, admitting his possession of the mule in controversy, having bought the same at said execution sale, but claimed that his title thereto was superior to appellant's mortgage lien, because the mortgage was given for future advances, and that at the time of the levy of the execution appellant had not advanced to Hause the full amount mentioned therein, but had only advanced him the sum of $45, and at that time the other property covered by the mortgage was of sufficient value to have paid appellant what Hause then owed it, and asserted that, after notice of such levy to appellant, it was

not protected by said mortgage as to future advances.

There was a nonjury trial in which judgment was rendered in favor of appellant against Hause for the sum of $261.65 and interest, with foreclosure on all of the mortgaged property except the mule in question, and as to it awarded judgment in Cobb's favor, quieting his title thereto, and decreeing that the Hefley Company go hence without day, from which judgment appellant has prosecuted this appeal.

The facts show that on January 3, 1914, Hause executed and delivered to appellant his note for the sum of $300, due on or before September 15, 1914, and to secure the same, as well as all other advances that might be made to him by appellant during said term, he mortgaged to it his entire crops of the year 1914, as well as certain stock, including the Cobb mule, the mortgage declaring that it was given in order to secure the payment of the above indebtedness and the amount of such other advances, whether of money, merchandise, or other property, that might be made to him by appellant, or their assigns, during the year 1914. This mortgage was forthwith filed for record with the county clerk of Milam county.

On December 29, 1913, the Hefley Company recovered a judgment against Hause for $44.51 and costs of suit, upon which an alias execution was issued and levied on the 13th of January, 1914, by the sheriff upon said mule, and after legal notice the same was sold at public auction and purchased by the Hefley Company on the 26th day of January, 1914, the execution and sale being in all respects regular. On the 13th of January, 1914, the Hefley Company notified appellant that said mule had been seized under execution, at which time Hause was indebted to appellant in the sum of $43.10, which indebtedness was incurred after the 3d of January, 1914. The property mortgaged by Hause, other than the mule seized under execution, was on January 3d, and is now, amply sufficient to satisfy the sum of $43.10, then due by Hause to appellant; but the balance of the mortgaged property which remained on hand when judgment was rendered in behalf of appellant was not sufficient to satisfy same. The Hefley Company purchased said mule at the execution sale and thereafter sold it to Arthur Cobb.

The appellant brought this suit against Hause during the February term, 1914, of the county court, and Hause filed his appearance thereto at said term. The court found that when the mortgage was given on the 3d of January, 1914, appellant agreed to furnish Hause supplies to make his crop for that year, and that after said levy and execution sale the appellant did proceed to furnish Hause the further sum of $522.47 in supplies to enable him to make and harvest said

crop, and that all the payments by Hause to appellant thereon were the proceeds of said crop which had been begun by Hause before the levy of said execution; and further found that such supplies were necessary to enable Hause to make the crop, and that he could not have made it without said advances; but it further found that if appellant had immediately ceased furnishing Hause supplies when notified of the levy of the execution, there was enough property described in the first-mentioned mortgage to have paid the debt for advances which had been made up to that time. It was likewise shown that E. Hause was totally insolvent, and that the mortgaged property was not sufficient to satisfy appellant's debt.

[1, 2] By its first assignment appellant urges that the court erred in failing to award it a foreclosure of its mortgage on the mule in question, for the reason that the same was acquired and forthwith duly recorded before the levy of the execution under which Cobb claimed, when the value of the property subject to his mortgage was insufficient to pay its debt, insisting by its proposition thereunder that when it and Hause entered into the agreement whereby it bound itself to furnish him supplies for the year 1914, in order to enable him to make a crop, and as security for such contemplated advances, he gave appellant a mortgage on certain stock, each party had a right to demand of the other compliance therewith; and a third party, at a later date and before the expiration of the contract, could not, by levying execution on such mortgaged property and giving notice thereof, deprive appellant of the right to make further advances under its mortgage, with the right to look to the mortgaged property as security therefor. While the contention of appellee is that appellant, after the notice of the levy was given it, had no right to make further advances to Hause, and if it did, was not protected by the mortgage.

Both of these contentions find support in the authorities. In this state it is no longer an open question that a mortgage may be given to secure future advances. See Freiberg v. Magale, 70 Tex. 116, 7 S. W. 684. The court found that appellant agreed to furnish Hause during the year 1914 all advances and supplies necessary to enable him to make a crop for said year, and that it had furnished such advances and supplies. Under said agreement was it protected in so doing? Its mortgage was duly executed and forthwith recorded prior to the levy. In Jones on Mortgages, vol. 1, § 373, it is said:

"The rule that a mortgage for definite advances has priority in all cases has strong support in recent discussions. Notwithstanding all the distinctions and refinements which have been introduced into the law of this subject by the many conflicting adjudications upon it, there is strong reason and authority for the rule that a mortgage to secure future advances, which on its face gives information enough as to the extent and purpose of the contract, so that any one interested may by ordinary diligence ascertain the extent of the incumbrance, whether the extent of the contemplated advances be limited or not, and whether the mortgagee be bound to make the advances or not, will prevail over the supervening claims of purchasers or creditors, as to all advances made within the term of such mortgage, whether made before or after the claims of such purchasers or creditors arose, or before or after the mortgagee had notice of them. If the mortgage contains enough to show a contract between the parties, that it is to stand as a security to the mortgagee for such indebtedness as may arise from the future dealings between the parties, it is sufficient to put a purchaser or incumbrancer on inquiry, and if he fails to make it, he is not entitled to protection as a bona fide purchaser. Such a mortgage is considered as good against subsequent incumbrances to the full amount of the advances provided for, and the mortgagee is held to have a right to rely upon it, and to make such advances without regard to what other incumbrances may afterwards have been put upon the property."

To the same effect is Witczinski v. Everman, 51 Miss. 841; 5 Ruling Case Law, pp. 420, 421, § 51; Divver v. McLaughlin, 2 Wend. (N. Y.) 596, 20 Am. Dec. 663; Lovelace v. Webb, 62 Ala. 271; Cobbey on Mortgages, vol. 1, § 143. For other authorities discussing the subject, see Willis v. Sanger, 15 Tex. Civ. App. 655, 40 S. W. 229; Groos & Co. v. Chittim, 100 S. W. 1006.

It would be an anomaly to hold, we think, that appellant, being bound under the agreement to furnish Hause all necessary future advances to make the crop, and yet say that the Hefley Company, by reason of the notice of the levy, could prevent appellant from relying upon said mortgage to secure it for so doing. If under the obligation imposed by the agreement above referred to, appellant is bound to furnish all necessary advances, thereby giving to Hause the power to enforce compliance therewith, then we think it follows that appellant would have the legal right to enforce its mortgage on the property covered thereby, in order to secure such advances. Being bound to comply with its obligation entered into prior to the levy, a third party, such as the execution creditor in this case, could not be allowed, by levy upon the mortgaged property, to prevent appellant from complying with its contract and holding the mortgaged property as security therefor.

Nor do we think appellant's right is in any sense restricted or abridged by reason of article 3744, R. S. 1911, which permits a creditor to levy upon mortgaged property, because such statute provides that such levy and sale must be subject to said mortgage. This, we take it, means it must be subject to the mortgage in all respects, so that the purchaser must be held to take the property subordinate to the right already fixed by the mortgage. In the instant case Hause, we think, by virtue of the agreement, had the right to demand a compliance with its terms, and require appellant to furnish all supplies that might be necessary to enable him to make a crop during the year 1914; and that a failure so

to do on the part of appellant would have given him a right of action for breach of contract; and, so believing, we hold that it was appellant's duty under the law, irrespective of such levy and notice, to continue to furnish supplies to Hause in accordance with the terms of the agreement; and, having done so, as found by the court, it was entitled to a foreclosure on all the property mortgaged to secure it in so doing, for which reason we hold that the court erred in failing to render judgment in its behalf foreclosing the mortgage on the mule.

We therefore reverse the judgment, and remand the case for a new trial not inconsistent with the views herein expressed.

Reversed and remanded.