G. M. CARLETON BROS. & CO. v. BOWEN et al. (No. 5704.)

(Court of Civil Appeals of Texas. Austin. Dec. 20, 1916. On Motion for Rehearing, Feb. 21, 1917.)

1. CHATTEL MORTGAGES ☞22—FUTURE ADVANCES—VALIDITY.

A mortgage to secure future advances is valid.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 68.]

2. CHATTEL MORTGAGES ☞110—FUTURE ADVANCES—VALIDITY.

As between the parties a mortgage for future advances is valid for whatever advances may be made by the mortgagee and accepted by the mortgagor, though in excess of the amount which the mortgagee agreed to furnish, where it was the intention of the parties that such additional advances should be secured.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 192.]

3. CHATTEL MORTGAGES ☞110—FUTURE ADVANCES—SECURITY—ORAL AGREEMENT.

Where the amount to be advanced by a mortgagee is stipulated, the parties may increase it by oral agreement which will be enforced as between them where the mortgage provides that the mortgagee may furnish an additional amount.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 192.]

4. CHATTEL MORTGAGES ☞110—FUTURE ADVANCES—PRESUMPTIONS.

Where a mortgage to secure future advances authorized the mortgagee to make advances in excess of those stipulated, it will be presumed that an oral agreement for advances in excess of the amount stipulated was made after the amount stipulated in the mortgage had been furnished.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 192.]

5. CHATTEL MORTGAGES ☞141—FUTURE ADVANCES—VALIDITY OF AGREEMENT.

A stipulation in a mortgage to secure future advances that mortgagee should furnish the mortgagor with a stated amount is a contract enforceable by the mortgagor, but a stipulation authorizing the mortgagee at his option to make advances is enforceable, being unilateral; therefore, where a mortgage for future advances provided for the making of stipulated advances and authorized the mortgagee at his option to make other advances, and before such other advances were made the mortgagor executed other mortgages, the original mortgage does not give the mortgagee a paramount lien for such advances, as the contract relating thereto is unilateral.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 239, 244.]

6. CHATTEL MORTGAGES ☞141 — CONSTRUCTION—FUTURE ADVANCES.

A crop mortgage was given to secure future advances to the amount of $300 which provided that the mortgagee might at his option make other advances. Before such additional advances were made the mortgagor executed other mortgages, declaring that they were subject to a lien to a mortgage for $350, and that the mortgagor's indebtedness to the mortgagee should not exceed that amount. Held, that the mortgagee, having made advances beyond the $300, was entitled to a lien to the amount of $350.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 239, 244.]

7. CHATTEL MORTGAGES ☞218—FUTURE ADVANCES—DISPOSITION.

Where a crop was mortgaged to secure advances to the amount of $300 and to secure such other advances as the mortgagee at his option might make, the mortgagor can, no advances beyond the amount stipulated having been made, dispose of his crop subject to a lien for that amount.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 222, 467.]

8. ACCORD AND SATISFACTION ☞9—CHATTEL MORTGAGES ☞241 — EXTINGUISHMENT — RENEWAL.

Where a second note is given in part payment of original debt, it does not extinguish

that debt, and the renewal mortgage has all the binding force of the original mortgage.

[Ed. Note.—For other cases,· see Accord and Satisfaction, Cent. Dig. §§ 88–91; Chattel Mortgages, Cent. Dig. §§ 503, 504.]

Appeal from Coryell County Court; H. E. Bell, Judge.

Action by G. M. Carleton Bros. & Co. against J. E. Bowen and A. A. McNeil. From the judgment against the first-named defendant, but in favor of the defendant McNeil, plaintiffs appeal. Affirmed in part, and in part reversed and rendered.

Mears & Watkins, of Gatesville, for appellants. Sadler & Cobb, of Gatesville, for appellees.

### Findings of Fact.

JENKINS, J. This case was tried before the court without a jury. The court filed its findings of fact, to which no objections are made. From said findings we make the following findings of fact:

(1) On November 19, 1913, J. E. Bowen executed to A. A. McNeil, a merchant, a mortgage on, among other things, his entire crop of cotton to be raised on a certain farm in Bosque county, which, among other things, recites, "Whereas, said A. A. McNeil agrees to make advances during the present year and 1914 to the amount of $300, or more, at his discretion, in goods, wares, merchandise, and provisions, to be furnished to me," etc., he executes said mortgage to secure such indebtedness. This mortgage was filed for record November 20, 1913.

(2) On January 16, 1914, the said Bowen mortgaged the same crop to appellants, merchants, to secure a note for $452.25 of that date, due October 1, 1914, with 10 per cent. interest and attorney's fees, and also for advances of merchandise that might be made to Bowen, not to exceed $600. This mortgage contains the following recitation: "There is a lien prior to this in favor of McNeil at Valley Mills for $350.00, and I agree that my indebtedness to McNeil shall not exceed $350.00."

(3) McNeil had both actual and constructive notice of this mortgage before he made any advances to Bowen.

(4) McNeil advanced to Bowen during 1914 $775.13, of which Bowen paid $74.68,· leaving due on such advances $700.05.

(5) Subsequently to Carleton's mortgage Bowen executed a note to McNeil for $1,008, which was intended to represent the balance of $700.45 due for said advances, and also an additional indebtedness arising from the fact that McNeil had purchased a note on him (Bowen) for $307.55.

(6) The second mortgage to McNeil was intended as a renewal of the former mortgage, and it so recites.

(7) McNeil received from Bowen and converted to his own use said cotton crop of the value of $696.06.

(8) Appellants brought this suit against Bowen on his note to them, and against McNeil to recover the value of said cotton in excess of the unpaid balance of the $300 advances made by McNeil to Bowen, alleging that as to such excess they had a·prior mortgage on said cotton.

(9) The court gave judgment for appellants against Bowen on his note to them for the sum of $557.75 principal, interest, and attorney's fees, but gave judgment in favor of McNeil, based upon its conclusions of law and fact filed herein, that McNeil's mortgage was the prior mortgage for the full amount of advances made by him to Bowen, the balance due by Bowen for such advances ($700.45) being in excess of the value of the cotton ($696) received by McNeil.

### Opinion.

[1, 2] A mortgage to secure an indebtedness which may be incurred by reason of future advances, or other future indebtedness, is valid. Willis v. Sanger Bros., 15 Tex. Civ. App. 655, 40 S. W. 229; Freiberg v. Magale, 70 Tex. 116, 7 S. W. 684. As between the parties such mortgage is valid for' whatever advances may be made· by the mortgagee and accepted by the mortgagor, though in excess of the amount that the mortgagee agrees in such mortgage to furnish, if it appear that it was the intention of the parties thereto that such additional amount should be secured by the mortgage.

[3, 4] Where the amount to be advanced by the mortgagee is stipulated in the mortgage, the parties may thereafter increase such amount by oral agreement, and such agreement as between the parties thereto will be enforced where the mortgage provides that the mortgagee may, at his option, furnish an additional amount, and he does so; but, in the absence of proof to the contrary, such oral agreement will be presumed to have been made after the amount stipulated in the mortgage has been furnished.

[5] The stipulation in a mortgage that the mortgagee will furnish the mortgagor a stated amount is a contract on his part that he will do so, which can be enforced by the mortgagor. Mercantile Co. v. Hause, 184 S. W. 737. But a stipulation in a mortgage that the mortgagor may make advances to the mortgagee at his option is a unilateral contract, and cannot be enforced. Produce & Exchange Co. v. Sorrell, 168 S. W. 76, 77; Owens v. Petroleum Co., 169 S. W. 194; Film Co. v. Morris, 184 S. W.·1061. A unilateral contract, so called, is no contract. Therefore the first mortgage executed by Bowen to McNeil did not at the time of its execution bind Bowen's cotton crop for an amount in excess of $300, and did not thereafter do so until goods in excess of that amount were furnished Bowen by McNeil. There is no pretense of any subsequent verbal agreement that McNeil would furnish Bowen an amount in excess of $300. Such being the case, we hold

that appellants' mortgage is superior to McNeil's prior mortgage in excess of $350.

[6] Our reason for holding said amount to be $350 is that the mortgage to appellants, in effect, reserves $350 worth of said cotton crop from said mortgage, and therefore McNeil's mortgage took effect as to the additional $50 when the same was furnished.

There are some expressions in Willis v. Sanger Bros. and Freiburg v. Magale, supra, which might seem to be against our holding herein, but when all that is said in those cases, read in the light of their facts, is considered, they will be found not to be so. In the Sanger Case the court said that:

The mortgagee "is entitled to advance money and extend credit *according to the terms of his contract with the mortgagor.*" (Italics ours.)

As we have seen, McNeil's contract with Bowen, as shown by the mortgage, was to furnish him supplies to the amount of $300. He was not under contract to furnish him more. The court further said:

"A mortgage to secure future advances which on its face gives information as to the extent and purpose of the contract, so far as a purchaser or junior creditor may, by an inspection of the record, by ordinary diligence and common prudence, ascertain the extent of the incumbrance, will prevail over the supervening claim of such purchaser or creditor as to all advances made by the mortgagee *within the terms of such mortgage* [italics ours], whether made before or after the claim of such * *. * creditor arose."

[7] "According to the terms of his contract," McNeil was secured by his mortgage to the extent of $300 for advances to be made by him in the future. But it also provided that he might, at his option, advance an amount in excess of $300. By reason of this provision "ordinary diligence and common prudence" required of appellants to ascertain if McNeil had, in the exercise of such option, made advances to Bowen in excess of $300 at the time they obtained their mortgage. Such inquiry made of McNeil, as appears from the record, would have shown that at said time he had made no advances to Bowen whatever, and that he had not agreed with Bowen to make to him any advances in excess of $300. Such being the case, Bowen was at that time privileged to sell or mortgage his cotton crop in excess of $300, free from any claim of McNeil. He did mortgage it to appellants in excess of $350, and they could not be affected by any subsequent dealings between Bowen and McNeil.

[8] As to the second note, it was given in part for the original debt due by Bowen to McNeil, and did not extinguish that debt, and the renewal mortgage had all the binding force on the cotton of the original mortgage, but no more. Willis v. Sanger Bros.; supra; Type Foundry v. Bank, 156 S. W. 300; Adams-Burks-Simmons Co. v. Johnson, 51 Tex. Civ. App. 583, 113 S. W. 177; Cantrell v. Cawyer, 162 S. W. 919. The amount of cotton to which McNeil's mortgage applied was $350, of which he was paid by Bowen $74.68; balance of cotton to which he was entitled under his mortgage, $275.32; amount converted by him, $696.06; amount for which he is liable to appellants, $420.74.

For the reasons stated, the judgment of the trial court is affirmed as to Bowen, but as to appellees the same is reversed, and judgment is here rendered for appellants against appellee McNeil for $420.74, with interest thereon at the rate of 6 per cent. per annum from January 1, 1916, the record herein not showing more definitely when said cotton was so converted than that it was prior to the last-mentioned date.

Affirmed in part, and in part reversed and rendered.

### On Motion for Rehearing.

In our original opinion herein we overlooked the fact that the prior mortgage to McNeil was to secure a note for $125 dated November 19, 1913, with interest from date at 10 per cent. per annum, as well as for advances to be made by McNeil. This note, principal and interest, to the date of the trial, December 16, 1915, would have amounted to $149.10, which should be deducted from the $420.74, which we adjudged against McNeil, leaving $270.84.

For the reason stated, the motion for rehearing is granted, our former judgment is set aside, and judgment is here now rendered for appellants against appellee McNeil for the sum of $270.84.

Motion granted.