FIRST STATE BANK OF SALTILLO v. ENNIS TITLE CO. (No. 1907.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 31, 1918.)

CHATTEL MORTGAGES ⊕=138(2)—PRIORITY.

The renewal of a chattel mortgage, by executing a new mortgage and discharging the old mortgage of record merely continues the lien, and the renewed mortgage is superior to a chattel mortgage executed before the renewal, but subsequent to the original mortgage.

Appeal from Franklin County Court; O. L. Reeves, Judge.

Controversy between the First State Bank of Saltillo and the Ennis Title Company. Judgment for the latter, and the bank appeals. Judgment reformed.

Wilkinson & Davidson, of Mt. Vernon, for appellant. B. O. Shurtliff and B. F. Caudle, both of Mt. Vernon, and S. D. Goswick, of Mineral Wells, for appellee.

HODGES, J. This appeal presents a contest for priority between opposing parties, each claiming mortgages upon a fund which represents the value of two mules killed by a railway train. The railway company paid the value of the mules into the hands of the sheriff, who now holds it subject to the result of this suit. The appellee claims under a mortgage dated February 14, 1914, given to secure a note executed by J. C. Newman for $400, due the 1st of the following October. This mortgage contains the following stipulation:

"These being the only mules I own, and the same mules that Saltillo Bank has a lien on."

Appellants rely upon a lien which they claim is a continuation of one acquired by a mortgage executed by Newman on October 24, 1913, to secure a debt for $425, payable

'to the First State Bank of Saltillo, on which the other appellants were sureties. This note was due March 24, 1914. On March 11, 1914, this note was renewed by the giving of another for $450, due the 1st of the following November. On the latter date the debt was again renewed by a note for $468. Upon the maturity of the last-mentioned note the bank advanced $100 additional upon the original debt and took another renewal note for $627. According to the undisputed evidence the original debt of $425, which Newman contracted to pay the bank, was never paid, and was carried forward in each of the renewal notes. It and the interest which thereafter accumulated constituted the entire consideration of all those notes, except the last. At each renewal of the debt to the bank a new mortgage was executed upon the same property. In the last renewal some additional property was also included. The evidence shows that, when the first renewed mortgage was filed, the clerk entered upon the record the following words: "Canceled 6th day of April, 1914." He testified that W. O. Martin, one of the appellants and a beneficiary in the mortgage, brought in a new mortgage upon the same property, and the question arose as to what should be done with the old instrument, and that it was finally agreed that it should be marked "canceled."

The trial court evidently based his judgment in favor of the appellee upon the ground that there was a break in the continuity of the original mortgage given to secure the debt to the bank by one or more of the renewals, and that appellee's mortgage took precedence. The lien is a mere incident to the debt, and unless released continues till the debt is extinguished. The execution of new evidences of the debt has no effect upon the lien. Its continuity is not broken merely by the execution of a new instrument perpetuating the same debt. 19 Ruling Case Law, p. 450, and authorities cited. In this there was nothing in the execution of the renewal notes to indicate an extinguishment of the original debt. The evidence is undisputed that this debt had never been extinguished. The debtors and the creditor remained the same, and the original consideration continued throughout as the larger portion of that which entered into all of the notes. Had no new mortgages been taken when the several renewals of the debt occurred, there would now be no reason for questioning the continuity of the original lien. But the execution of a renewal mortgage for the same debt has no more effect upon the continuity of the lien than does the execution of renewal notes have upon the continuity of the debt. If the parties intended to perpetuate the lien, the fact that they embodied evidence of that lien in a new instrument and surrendered the old one was not sufficient to defeat that purpose. See the cases above referred to; also Adams-Burke-Simmons Co. v. Johnson, 51 Tex. Civ. App. 583, 113 S. W. 176; Ploeger v. Johnson, 26 S. W. 432; Ross v. Strahorn, 18 Tex. Civ. App. 698, 46 S. W. 398. The testimony in this case shows conclusively that it was the purpose of the parties in the several transmutations to continue the first lien. The cancellation entered by the clerk upon the record was merely a formal method of annulling an old instrument after the lien had been carried forward into the new instrument. That entry was made under circumstances which show no intent to extinguish one mortgage and take a new one.

We are therefore of the opinion that the court erred in holding that the appellee's mortgage was entitled to priority, and the judgment will be reformed accordingly.

---

⚫⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes