Kelley, Looney & Norvell, of Edinburg, for appellee.

SMITH, Justice.

Appellee is a Hidalgo county farmer, and carries an accident and health insurance policy in the North American Accident Insurance Company, appellant herein.

While operating an ordinary gin stand in a neighborhood cotton gin, appellee's fingers were caught and injured in the gin machinery, whereupon he sued appellant to recover under a clause in said policy indemnifying him against injury occurring to him "While actively engaged in farming by actual contact with and while operating a threshing, mowing, reaping or binding machine, harrow or plow."

The jury tracked the policy by finding that appellee was "injured while actively engaged in farming by actual contact with and while operating (1) a threshing machine" and (2) "a binding machine." Upon those findings the trial judge awarded recovery to appellee under the policy for $187.50. The insurance company appealed.

Both parties have considerately spared this court from long theses on the academic questions of whether a farmer is actually engaged in farming while operating a cotton gin, and of whether a cotton gin is in fact a farm implement, to wit, a threshing machine, and a binding machine, as well.

Appellant is content to submit the bald question, without citation of authority or argument, while appellee submits it without authority, but with the quite ingenious argument that, as a cotton gin separates the cotton lint from the cotton seed, it is a "threshing machine," and, as it binds the lint into bales, it is a "binding machine," all within the contemplation of the insurance policy; thus justifying the jury findings.

We regret our inability to follow these conclusions to an affirmance of the judgment dependent thereon.

But it seems obvious, and a matter of common knowledge, that one operating an ordinary cotton gin stand is not at the moment "actively engaged in farming," and is not in fact, as a farmer, "operating a threshing, mowing, reaping or binding machine, harrow or plow."

The judgment will be reversed, and judgment here rendered for appellant, with all costs.

## MOORE v. B. & M. CHEVROLET CO.
### No. 8003.

Court of Civil Appeals of Texas. Austin.

May 16, 1934.

F. H. Hammond, of Burnet, and Bill S. Watkins, of Llano, for appellant.

A. G. Mueller, of Llano, for appellee.

BLAIR, Justice.

Appellant, P. H. Moore, sued appellee, B. & M. Chevrolet Company, for damages for conversion of a Chevrolet automobile, valued at $500, and for $100 additional damages for depriving him of the use of the automobile, alleging that it was seized and taken from his possession by the sheriff acting under a writ of sequestration issued out of the county court of Llano county, in cause No. 773, styled B. & M. Chevrolet Company v. J. B. Moore, to which suit appellant was not made a party, that he was the owner of the automobile, and that it was never returned to him, but was sold under an order of sale issued out of said cause No. 773, to appellee for $200.

Appellee answered that appellant was not the owner of the automobile at the time it was seized by the sheriff, but that appellee had sold it to J. B. Moore, who executed a note in part payment of the automobile and secured same by a mortgage lien on the automobile, which was duly foreclosed and the car ordered sold by the judgment in said cause No. 773, and that appellee became the purchaser at the sale for $200.

A trial to the court without a jury resulted in judgment for appellee.

Appellee alleged and on the trial proved in substance the following facts and transactions out of which the litigation arose:

On April 13, 1931, appellee sold J. B. Moore a new Chevrolet automobile for $867.20. A secondhand car valued at $15.16 and belonging to appellant, P. H. Moore, the uncle and foster father of J. B. Moore, was applied on the purchase price. J. B. Moore gave his check for $434.84, with the understanding that, as soon as he received his bonus or com-pensation for services in the World War from the United States government, it would be deposited in the bank on which the check was drawn, and the check would then be presented for payment. The balance of $417 was to be paid by a seven-month note, secured by a mortgage on the automobile. These instruments were drawn in the name of J. B. Moore, but, before they were signed, it was orally agreed between the appellee, J. B. Moore, and appellant, P. H. Moore, who was assisting J. B. Moore in purchasing the automobile, that the note and mortgage for $417 would be executed by P. H. Moore as accommodation maker for J. B. Moore, all of which was done. The government refused to pay J. B. Moore the contemplated bonus, and he then executed a note for the amount of the check and secured it by a mortgage on the automobile, which were dated as of date of the original transaction. When appellant, P. H. Moore, paid the accommodation note and obtained a release of the mortgage lien securing it, appellee told him about the note and mortgage executed by J. B. Moore in lieu of the check, and shortly thereafter recorded this mortgage. According to appellee's evidence, it was orally agreed and understood between all parties at the time the original transaction took place that the mortgage lien on the automobile would exist until the full purchase price had been paid, and that at the time P. H. Moore paid the note executed by him he was told by appellee that the automobile would be regarded as security for the full purchase price of the same, including the amount due on the subsequent note and mortgage executed by J. B. Moore to take up the check given by him at the time the original transaction was made.

Prior to filing of the suit on the note and mortgage, appellee requested appellant to deliver the automobile to it, which he refused to do. The automobile was then seized under a writ of sequestration issued out of the suit against J. B. Moore on the note and to foreclose the mortgage, to which suit appellant, P. H. Moore, was not made a party. While appellant was not actually present at the time the automobile was seized by the sheriff, he knew of the seizure and of the pending suit to foreclose the mortgage, and he never asserted any claim to the automobile until long after it was sold in compliance with the order of sale in cause No. 773. Appellant testified that J. B. Moore was assisting him in purchasing the automobile and that he was not an accommodation maker of the note and mortgage, that appellee took the check of J.

B. Moore as the cash payment on the automobile, and that no agreement was made with regard to retaining a lien on the automobile to secure the payment of the check or indebtedness represented by it, and that he was the owner of the automobile at all times. The trial court trying the case without a jury upon this conflicting evidence found that appellant, P. H. Moore, was a mere accommodation maker of the note and mortgage signed by him, and that he never had any title to the automobile by virtue of executing the note and mortgage, but that J. B. Moore was the owner of the automobile at all times. The court further found that the parol evidence rule had no application, because the parol evidence to the effect that P. H. Moore was assisting J. B. Moore in the purchase of the automobile, and that both of the Moores fully understood that the lien would be retained on the same until the check as well as the note evidencing the full or entire purchase price were paid was merely evidence showing the entire and more comprehensive transactions between the parties and concerned related matters about which the contract was silent.

By several propositions, appellant contends that the oral testimony to the effect that he was the accommodation maker of the note and mortgage, and not the true owner of the automobile under the bill of sale executed to him by appellee, and the oral testimony to the effect that an oral agreement was made at the time the aforementioned instruments were executed that a lien would be retained on the automobile until the full purchase price was paid, was not admissible because it varied the terms of the written mortgage or conditional bill of sale, which in Texas is construed as a mortgage. We do not sustain these contentions.

As between the parties thereto, the law in this state is that, in cases of instruments which are nonnegotiable and contracts which are not required by the common law to be under seal, it may be shown "by parol that the real party in interest is not the one who signed the contract, but another person." 17 Tex. Jur. 877, § 398; Heffron v. Pollard, 73 Tex. 96, 11 S. W. 165, 15 Am. St. Rep. 764; Eddleman v. Wofford (Tex. Civ. App.) 217 S. W. 221; Donoho v. Carwile (Tex. Civ. App.) 214 S. W. 553; Kohlberg v. Awbrey & Semple (Tex. Civ. App.) 167 S. W. 828; and Moore v. Williams, 26 Tex. Civ. App. 142, 62 S. W. 977, wherein it is held that parol evidence is admissible for the purpose of showing who are the real parties to a contract. Likewise it has been held that parol testimony is properly admitted to show that a party executed a note as accommodation party, or to show the identity of the accommodation party in an action on the note. King v. Wise (Tex. Com. App.) 282 S. W. 570. Such matters are regarded as collateral undertakings, distinct from the subject-matter of the writing, and the parol evidence of such undertakings is not regarded as varying or contradicting the terms of the writing, but are consistent therewith. Examples of such collateral undertakings are contracts of suretyship, of warranty, of indemnity, or of accommodation maker. Stuart v. Meyer (Tex. Civ. App.) 196 S. W. 615; Belcher v. Mulhall, 57 Tex. 17; Thomas v. Hammond, 47 Tex. 42; Preston v. Breedlove, 36 Tex. 96; Durham v. McDowell (Tex. Civ. App.) 265 S. W. 425, 428; Graves v. Pflueger, 26 Tex. Civ. App. 488, 63 S. W. 651; Farmers' State Bank v. Cottingham (Tex. Civ. App.) 261 S. W. 426.

Parol evidence may also be introduced to show the entire or more comprehensive agreement between the parties, where the written instrument only shows a part of it. Such rule is particularly applicable to the facts of the instant case. The transaction was the purchase of an automobile. A check was given for part payment. It was contemplated that it would be paid out of a particular fund. It was not so paid, and the maker gave his note and mortgage in lieu of the check. All parties understood that the automobile was to secure the entire purchase price. These facts and circumstances bring this case under the settled rule that, where a written instrument is only a part of a more comprehensive contract or agreement, the entire agreement may be shown by parol evidence. Landrum v. Stewart (Tex. Civ. App.) 111 S. W. 769; Silliman v. Oliver (Tex. Civ. App.) 233 S. W. 867; Ivy v. Ivy, 51 Tex. Civ. App. 397, 112 S. W. 110; McClendon v. Brockett, 32 Tex. Civ. App. 150, 73 S. W. 854; Lanier v. Foust, 81 Tex. 186, 16 S. W. 994.

Since appellant was merely an accommodation maker of the note and mortgage and had no interest in the automobile, he was not a necessary party to the suit against J. B. Moore on the note and to foreclose the mortgage given by him on the automobile.

But, aside from the foregoing rule as to parol evidence, the transactions detailed show an oral chattel mortgage as between the parties to this suit to secure the entire purchase price of the automobile, and the law is settled that oral chattel mortgages are valid, and it is also settled that the principle of oral mortgages compels the further holding that

a written chattel mortgage may be enlarged by oral agreement at the time or by subsequent parol agreement. Sparkman v. First State Bank, 112 Tex. 33, 244 S. W. 127; G. M. Carleton Bros. v. Bowen (Tex. Civ. App.) 193 S. W. 732.

The judgment of the trial court will be affirmed.

Affirmed.