**H. M. STONE, Appellant,**

v.

**MAINLAND BANK & TRUST COMPANY,
Appellee.**

**No. 3638.**

Court of Civil Appeals of Texas.

Waco.

May 14, 1959.

Holman Lilienstern, Godard & Dazey, Texas City, for appellant.

LaValle & Shirley, Texas City, for appellee.

WILSON, Justice.

This case presents the question of whether appellee's chattel mortgage lien is superior to appellant's landlord's lien.

Appellant's lien arose by virtue of a lease of premises for an eight year term beginning in May, 1956. On September 9, 1957, appellant filed for record a notice of lien in compliance with Art. 5238, Vernon's Ann. Civ.St., reciting rents due from April 15, 1957, of $2,000. As a result of another suit against his lessees, appellant obtained judgment foreclosing the landlord's lien on chattels covered by appellee's mortgage and by agreement of appellant and appellee, proceeds of the sale thereof under execution were impounded pending adjudication of the present action.

Appellee took a chattel mortgage dated April 14, 1956, on the same personalty to secure payment of a note executed by appellant's lessees. It was filed and registered April 17, 1956. It provided that the lien extended to other and future indebtedness and "any renewal of the indebtedness hereby secured and this lien shall continue and be in force until all the indebtedness above referred to and each and every extension and renewal thereof shall have been fully paid."

There was a balance due on this note on August 12, 1957, on which date a new note was executed. The evidence establishes it was a renewal note covering this and other indebtedness to appellee, but a new chattel mortgage executed on the same date does not so recite. The new mortgage, on a printed form, after describing the identical chattels listed in that of April 14, 1956, contains the following typewritten language: "All the above located at 1915 Texas Avenue, Texas City, Texas, *and free from any and all encumbrance except as herein described.*" The printed portion of both mortgages contains the clause, "The taking of this mortgage shall not waive or impair any other security said bank may have or hereafter acquire for the payment of the indebtedness nor shall the taking of any such additional security waive or impair this mortgage."

Appellant contends the italicized wording had the effect of extinguishing, releasing or waiving the previous chattel mortgage lien and that the trial court erred in concluding it was superior to the landlord's lien.

The decision of the trial court was correct in our opinion. The language relied on by appellant was obviously intended to be nothing more than an express covenant against encumbrances. It is consistent with the printed warranty clause in the mortgage. Although prepared and accepted by the mortgagee, it was a declaration by the mortgagor. The unequivocal provision that the taking of the mortgage (including the italicized phrase) should not waive or impair any other security is not to be destroyed by implication. Sherman v. Texas Hotel Supply Co., Tex.Civ.App., 66 S.W.2d 1094, writ ref.; American Type Founder Co. v. First Nat. Bank of Teague, Tex.Civ.App., 156 S.W. 300; 14 C.J.S. Chattel Mortgages §§ 338, 339, pp. 987, 988.

The judgment of the trial court is affirmed.