GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY
COMPANY V. NETTIE SMITH.

No. 532.

1. **Pleading New Matter—Continuance.**—Where new matter material to the cause of action is pleaded on the eve of a trial, the adverse party should, upon a proper application, be given a continuance to enable him to procure his testimony for such allegation.

2. **Same—Amendment—New Cause of Action.**—Where plaintiff sued a railroad company for its failure to return a trunk delivered to it by plaintiff as a passenger, and a trial amendment was filed containing allegations which would change the liability of the railroad company from that of a warehouseman to that of a common carrier, but showing only defendant's liability for its failure to return the property not fully alleged in the petition, the trial amendment, did not set up a different cause of action.

3. **Measure of Damages—Failure to Deliver Property.**—In a suit for the value of a trunk on account of the failure of a railroad company to redeliver to plaintiff, who was a passenger, the liability of the company arose from a contract, and the measure of damages for its breach was the value of the property at the time and place it should have been delivered, with interest thereon at 8 per cent per annum from said date up to time of trial.

APPEAL from Guadalupe.     Tried below before Hon. T. H. SPOONER.

*I. M. Humphreys* and *Thomas McNeal*, for appellant.—1. An amendment of the pleadings by the adverse party, which renders necessary evidence not before required, and which can be procured at another term of the court, is ground for a continuance. Rule 16 for District and County Courts; Cowan v. Williams, 49 Texas, 380; Railway v. Henning, 52 Texas, 466; Blum v. Mays, 1 Ct. App. C. C., sec. 476.

2. A party has no right to bring suit on two separate contracts, made and entered into at different times and places, by two separate instruments of pleading, neither one of which refers to the other, or shows that it is an amendment of the other, one instrument seeking to recover on one contract and the other instrument seeking to recover on the other contract. Rule 15 for District and County Courts; 64 Texas, 98; 45 Texas, 380; 10 Texas, 74.

3. The court erred in not sustaining·defendant's plea of two and four years' limitation to the cause of action set up in plaintiff's trial amendment, because said trial amendment showed that the contract, for the breach of which plaintiff sought to recover, was made more than four years before said trial amendment was filed, and because said contract was a different contract made and entered into at a different time and place from the contract set up in plaintiff's original petition. 64 Texas, 98; 45 Texas, 380; 10 Texas, 74; Rev. Stats., art. 3203.

4. The legal rate of interest was changed by a law passed by the Twenty-second Legislature from 8 per cent to 6 per cent, which law went into effect July 13, 1891, and the court should have instructed the jury, and the jury should have calculated interest at the rate of 6 per cent from that date. Acts 22nd Leg., p. 87; Ellis v. Barlow, 26 S. W. Rep., 908; Railway v. Humphries, 23 S. W. Rep., 556.

*John Ireland*, for appellee.—1. The charge should have been qualified by the court, and the jury should have been informed, telling it that, even if the act of God was the agent in destroying the property, still defendant was liable, whether it held the property as common carrier or as warehouseman, unless it used due diligence to save the property. Cool. on Torts, 640; Story on Bailments, 511, 512; Abb. Trial Ev., p. 577; Morgan v. Dibble, 29 Texas, 117; Macklin v. French, 9 Bush, 3.

2. If the trunk was placed in defendant's hands with intent on plaintiff's part of taking first train east, then it was received and held as baggage; and on defendant's part as common carrier. Railway v. Green, 41 Iowa, 400; Railway v. Wimberly, 58 Am. Rep.; Hutch. on Rys., secs. 701, 702; Benjamin v. Railway, 23 N. Y., 515; 69 Hun, 479.

3. Was there a new cause of action set up in the petition? Elevator Co. v. Mitchell, 78 Texas, 67.

NEILL, ASSOCIATE JUSTICE.—This is the third appeal in this case from judgments in favor of appellee. The opinion of the Commission.

of Appeals is reported in 81 Texas, 479, and of this court in 24 Southwestern Reporter, 668. In these opinions the nature of the case is stated, and it is unnecessary to repeat the statement.

On the first appeal one of the assignments of error complained of the court's giving the following special instruction: "If the proof shows that defendant received the trunk to keep until the plaintiff should return to the depot to take passage on the road, it had the trunk as baggage, and its liability is that of a common carrier, and not as a warehouseman." The court passing on this assignment said: "The allegations of the petition are sufficient to show, that when the plaintiff stopped at Seguin she did so only for the night, and intended to resume her journey eastward upon the next day, but there is no proof of such intention which we have been able to find in the statement of facts, or that she informed defendant's agent of such intention. We have already inserted the entire evidence on that subject. She in her own testimony says nothing about proceeding on the journey. On account of the absence of proof of any new contract, we are constrained to hold that the above special charge would not have been allowed. Whether this charge would have been proper had it been applicable under the evidence we do not deem it necessary to determine on this appeal, as that question is not presented, as will be seen by the assignments, and besides, its correct solution is not entirely free from difficulty. As we are not required to decide the point at this time, we refrain from doing so, and from intimating any opinion on the subject, though there are authorities in closely analogous cases which appear to sustain the principle of law announced in this instruction. 2 Ct. App. C. C., sec. 34; Quimit v. Henshaw, supra; Trans. Co. v. Belknap, 21 Wend., 361; Green v. Railway, 41 Iowa, 410; Hickox v. Railway, 31 Conn., 281; 2 Redf. on Rys., p. 53, sec. 6."

The principle enunciated in the special charge, and in the remarks of the court, embraces the idea that, in order to fix appellant's liability as a common carrier on the theory that appellee intended to resume her journey, appellant's servant at the time he received the trunk was informed and had knowledge of her intention. The authorities referred to in the quotation from the opinion were reviewed by the Supreme Court of Indiana in Railway v. Foster, 104 Indiana, 293, and the court says, they "show that a railway company may receive a trunk as baggage, and become liable for its loss as such before transit, upon the express or implied understanding that the owner is to become a passenger, although he has neither purchased a ticket nor paid fare. In such a case, the express or implied agreement to become a passenger makes the owner in such sense a passenger, as to make the railway company liable for the loss of his baggage up to the time when the train leaves, and it is ascertained that the owner has not kept his agreement by becoming a passenger. If the railway company is willing to receive a trunk as baggage, and assume the responsibility of

holding it as such upon the express or implied agreement of the owner to become a passenger, there is nothing to prevent it so doing."

The appellee did not allege in her original petition that when she left her trunk with appellant's baggagemaster at Seguin she informed him of her intention to take passage eastward on appellant's next train. In the absence of such allegation, the receipt of her trunk with knowledge of her intention to resume her journey was not an issue, and it was not incumbent upon appellant to be prepared upon the trial to disprove a matter not placed in issue by the pleadings. This allegation was supplied by a trial amendment filed just prior to the trial, and exceptions to it being overruled, the appellant applied for a continuance for the purpose of procuring the testimony of the baggagemaster who received the trunk at Seguin to disprove the allegation. This was appellant's first application, and was in strict compliance with the statute. The appellee's depositions tending to establish the allegations in her trial amendment were taken on April 20, 1894, and delivered to her counsel, who kept them in his possession until the 5th day of May (three days prior to the trial), when they were filed with the papers in the cause. Under these circumstances, the application for continuance should have been granted. When new matter material to a cause of action is pleaded on the eve of trial, the adverse party should, upon a proper application, be given a continuance to enable him to procure his testimony on such allegations. The issue made by the amendment was submitted to the jury by the charge of the court, and upon it the verdict may have been rendered.

We do not agree with counsel for appellant in his contention that the trial amendment set up a different cause of action. It simply averred matter not fully alleged in the original petition, showing appellant's liability for its failure to return her property. The liability of appellant arose from a contract, and the measure of damages for its breach was the value of the property at the time and place it should have been delivered, with interest thereon at the rate of 8 per cent per annum from said date up to the time of trial. Landa v. Obert, 5 Texas Civ. App., 620.

The other matters complained of as error will not likely arise on another trial, and it is unnecessary for us to pass upon them.

Because the court erred in overruling appellant's application for a continuance, its judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 9, 1895.

FLY, Associate Justice, did not sit in this case.