REPUBLIC NAT. BANK v. JORDAN et al.
(No. 10319.)

Court of Civil Appeals of Texas. Dallas.
April 17, 1929.

Eugene De Bogory and T. B. Reese, both of Dallas, for appellant.

M. M. Plowman and Burgess, Burgess, Chrestman & Brundidge, all of Dallas, for appellees.

VAUGHAN, J. This suit was instituted to recover of appellant the sum of $2,513.34, alleged to be a trust fund in the possession of appellant and the property of appellee. Owing to pleas in abatement of limitation and special exceptions presented by appellant to appellees' pleadings, it is advisable at this juncture to make the following statement from appellees' pleadings.

The original petition was filed November 14, 1925. Appellees, P. E. Jordan, E. B. Pruitt, C. R. Langston, John Aiton, H. B. Thompson, E. W. Rose, J. J. Dean, C. D. Adams, Stewart Scruggs, J. E. Bogue, Walter Anderson, M. M. Calloway, Robert Gibson, R. D. Burnham, C. E. Hyde, F. T. Curbo, Mrs. Victoria Cammack, wife of G. D. Cammack, deceased, sole heir and independent executrix of the estate of said G. D. Cammack, deceased, were the plaintiffs named therein, and in which it was alleged that said plaintiffs, during the year 1923, purchased through the firm of H. D. Ardrey & Co., a Dallas brokerage house, certain shares of stock, and paid to said Ardrey & Co. various sums of money to apply on the purchase of said stock, which was to be bought in the city of New York; that during the year 1924 Ardrey became insolvent and discontinued his brokerage business, and that the stocks purchased by plaintiffs through said H. D. Ardrey & Co. was ordered sold and the money derived therefrom paid over to said plaintiffs, or prorated among them; that said stock was sold in the city of New York, and that said money, on or about April 21, 1924, was remitted to the Republic National Bank and deposited in said bank to the account of H. D. Ardrey & Co.; that the amount so remitted and deposited was $10,725.45, and was the proceeds of the sale of said stock and money theretofore paid into the hands of said Ardrey & Co., with which said stock was purchased, and that said fund constitutes a trust fund, which was held for the use and benefit of plaintiffs, stock customers of the brokerage firm of said Ardrey & Co.; that, after said money had been deposited in the name of H. D. Ardrey & Co., the defendant, Republic National Bank, deducted from said fund the sum of $2,513.34, and applied same to the payment of a demand note theretofore executed by H. D. Ardrey, and has since refused, and still refuses, to pay any part of said sum to the plaintiffs; that prior to said act defendant bank had actual or constructive notice that said fund constituted a trust fund, and that said H. D.

Ardrey & Co. was doing a general brokerage business and was a depositor of said Republic National Bank; that, at the time said money was paid to said bank, H. D. Ardrey & Co. had failed to pay over to plaintiffs various sums of money in which Ardrey & Co. was respectively indebted to plaintiffs, and that the fund so deposited was part of the amount due plaintiffs, and that the plaintiffs are the sole owners of said fund and all of the stock owners having any claim to said fund, and have agreed to prorate same. It was alleged that a list of various stockholders was attached with the particular amount opposite each plaintiff's name. However, no such list was attached. Prayer was for judgment against defendant for the sum of $2,513.34, with legal rate of interest from April 21, 1924. On June 21, 1927, the plaintiffs named in the original petition, joined by Addie Patillo and the executors of the estate of Robert Gibson, deceased, filed their first amended original petition, amending and in lieu of said original petition. Following are the new features introduced in the suit by said amendment, in addition to the new parties plaintiffs; namely: "The total amount remitted and deposited being $10,725.45 or more, the exact amount cannot be stated." A list showing the various sums of money in which Ardrey & Co. were indebted to the plaintiffs respectively was attached with the amounts set opposite each plaintiff's name; the prayer was the same as in the original petition. On November 15, 1927, appellees filed their second amended original petition, in which for the first time portions of the following allegations were positively and specifically made:

"That said stock was sold through the instruction of said Ardrey & Company, as plaintiffs are informed and believe and so stated, in the City of New York, and that said money was thereafter, on or before April 21, 1924, remitted to the defendant, Republic National Bank, by Carden, Green & Company, of New York City, as plaintiffs are informed, believe and so state, to be deposited in the said defendant bank to the account of said H. D. Ardrey & Company; that the total amount of money so remitted and to be deposited, as hereinbefore stated, to the account of H. D. Ardrey & Company, was in the total sum of $13,238.79, as plaintiff is informed and believes, the exact amount, however, plaintiffs cannot now positively state, but the exact amount so received by said defendant bank on or about said date is well known to said defendant bank * * * that said defendant, without notice to plaintiffs, deducted from said fund the sum of $2,513.34, the property belonging to said plaintiffs, and applied same, as said defendant bank so claims, to a demand note theretofore executed by said H. D. Ardrey, and diverted same to its own use and benefit; that the remainder of said sum received by said bank, after said deduction

and diversion of $2,513.34, was in the sum of $10,275.45, which said sum was paid out by said defendant by reason of a garnishment suit and an independent suit theretofore instituted by one F. I. Clark, with which these plaintiffs had no legal connection, and here deny that they agreed to accept, or would accept any portion of said sum in settlement of any claim they might have against said defendant bank * * * that prior to the time said sum was so deducted and applied and diverted to said above described note of said H. D. Ardrey, that said defendant bank had full knowledge of the fact that said sum was the proceeds of the sale of stock belonging to the former customers of said H. D. Ardrey & Company, and had full knowledge of the fact that said sum constituted a trust fund, and that same was the property of plaintiffs, and that same was not the individual money belonging to said H. D. Ardrey * * * that prior to the time said sum was so deducted and applied to said above described note, said defendant had full knowledge of the fact that said sum was the proceeds of the sale of stock belonging to former customers of said H. D. Ardrey & Company, the exact character, kind and name of said stocks plaintiffs are not now able to state."

The prayer was in effect the same as that of the original petition.

As to the scope and effect of appellant's answer, we do not find it necessary to present same, further than what will be developed in discussing the propositions upon which this appeal is predicated, as in such discussion the full purport of said answer, material to the disposition of this appeal, will be developed. This cause was submitted to a jury on special issues, which issues and answers thereto are as follows:

"Special Issue No. 1: Do you find and believe from the preponderance of the evidence that the defendant, Republic National Bank, at any time before it applied part of the funds of H. D. Ardrey & Company to the payment of a demand note due defendant by said company, received notice that the funds deposited to the credit of H. D. Ardrey & Company was the property of plaintiffs? Answer this question 'yes' or 'no.' Answer: 'Yes.'"

"Special Issue No. 2: Do you find and believe, from a preponderance of the evidence that, at the time the funds released from the garnishment suit and the shares of capital stock of Clem Lumber Company were distributed to the plaintiffs, F. I. Clark and others, said plaintiffs had agreed with the defendant, Republic National Bank, to waive their claim to all funds and properties of H. D. Ardrey & Company received by said bank? Answer this question 'yes' or 'no.' Answer: 'No.'"

On motion of appellees judgment was entered on January 14, 1928, on said verdict in favor of appellees and against appellant, for the sum of $3,046.06, together with interest from the date of judgment at the rate of 6 per cent. per annum and all costs of suit. From this judgment appellant duly perfected its appeal. By its first proposition under the first assignment of error, and by its first proposition under its third assignment of error; appellant contends (a) that, because the undisputed evidence discloses that other parties were jointly interested with appellees in said alleged trust funds, no final judgment could be entered without the disposition of the interest of all the parties and therefore the court erred in entering the judgment appealed from; (b) that, because the undisputed evidence showed that appellees were the owners of only three-tenths of said alleged trust fund, the court should not have entered a lump sum judgment for the full amount alleged to have been diverted by appellants, because all of the interest of other and necessary parties could not be disposed of by the judgment; (c) that, if any final judgment could have been rendered, same should not have been for more than three-tenths of the alleged trust fund sued for, because defendant, by a proper and timely pleading, had asked for an apportionment of the fund sued for—the undisputed evidence showing that appellees were entitled to only three-tenths of said fund, even if they had established their claim to said fund; (d) that said judgment should not have been rendered without a clause therein showing that appellant excepted to the action and ruling of the court in open court and then and there gave proper notice of appeal; (e) that the court erred in overruling appellant's special exception to paragraph 1 of appellees' second amended original petition, because, in a suit for conversion of money alleged to be the property of stock purchased by stockholders for and on behalf of appellees, and in which transaction appellant had no interest or notice, appellant was entitled to know the number of shares, the exact sum of money paid therefor, and how and in what manner the stock was purchased, in order to discover whether or not said funds were trust funds and if appellees were entitled to recover same; (f) that the court erred in overruling appellant's pleas of limitation, it appearing that all of the asserted claims set out in appellee's second amended petition, filed more than two years after the alleged loss, were based upon new matters, different and distinct from that set out in appellee's original petition; (g) that the court erred in overruling appellant's exception contained in its first supplemental answer, presenting the statute of limitation, because, after it was shown to the court that the money sued for, as in this case, could not be the subject of conversion, a change in appellee's pleadings, wherein judgment was sought for money diverted, was such a change in the nature of the suit as to be a new cause

of action, it appearing that said change in the pleading took place more than two years after the alleged act of diverting funds occurred; (h) it was fundamental error for the court to render judgment on the verdict returned in this cause, there being no evidence to support the verdict of the jury; (i) that, it being apparent that all parties necessary to the final disposition of the main issues in this suit were not joined or disposed of in any manner, the judgment rendered was therefore fundamentally erroneous.

We find that the verdict of the jury is amply sustained by the evidence, and therefore adopt same as part of our finding of facts. We further find that appellees were all of the parties entitled to the fund sued for; that they were the sole owners of same at the time of the filing of this suit on November 14, 1925; that appellees had agreed to prorate between themselves the sum sued for; that there were other parties who were, prior to the filing of this suit, interested in the original full amount of money received on account of the sale of the stock that was purchased by Ardrey & Co. for appellees and others who were stock customers of Ardrey & Co., and sold by Carden, Green & Co. for the sum of $13,238.79; that Carden, Green & Co. remitted said sum of $13,238.79 to appellant to be deposited with appellant to the account of H. D. Ardrey & Co.; that appellees and other stockholders of said Ardrey & Co. owned all of the stock so sold by said Carden, Green & Co. under the instructions of Ardrey & Co., same having been purchased for appellees and other stock customers of said Ardrey & Co. with money advanced by said parties, and that said stock customers, including appellees, were the owners of the money received by Carden, Green & Co. on account of and for the sale of said stock, that said money constituted a trust fund of which said Ardrey & Company was trustee; that H. D. Ardrey & Co. was the trade name of H. D. Ardrey, used by him in transacting the business of a stock broker; that said H. D. Ardrey held said sum of $13,238.79 for the use and benefit of his stock customers; that all of the stock customers of said Ardrey & Co. for whose benefit said stock was purchased, except appellees, had been settled with for their interest in said sum of $13,238.79 before this suit was filed; that appellant, on the 21st day of April, 1924, diverted to its own use and benefit the sum of $2,513.34 of said sum of $13,238.79, by applying said sum to the payment of a demand note executed by H. D. Ardrey, payable to appellant; that appellees were the owners of and entitled to said sum of $2,513.34; that said sum of $2,513.34 constituted a trust fund, of which said Ardrey & Co. was trustee, holding same for the use and benefit of appellees; that neither H. D. Ardrey & Co. nor H. D. Ardrey individually owned any interest in said fund at any time before or at the time this suit was filed.

We further find that appellant had full knowledge of the fact that the sum sued for was the proceeds of the sale of stock belonging to the former customers of said Ardrey & Co.; that same constituted a trust fund, was the property of appellees, and was not the individual money belonging to said H. D. Ardrey, nor to Ardrey & Co.

H. D. Ardrey & Co. and H. D. Ardrey filed their original answer and entered their appearance in this suit on November 30, 1927. The name of Miss Fleming, who owned an interest in the fund sued for, acquired as a stock customer of said Ardrey & Co., did not appear as a plaintiff, but she was represented by appellee John Aiton, who purchased her stock for her, and who was named as one of the plaintiffs in the original petition and amendments thereto. All persons named as plaintiffs in appellees' second amended original petition were included in the judgment rendered in this cause. Appellant's propositions, designated herein A, B, C, and D, will be considered conjunctively, each dealing with the authority of the trial court to render final judgment in this cause. Appellant contends that the judgment failed to dispose of the interest of F. I. Clark, M. G. Rose, Wyler Boyle, J. G. Fleming, Miss Alice Jones, Charles D. Adams, R. C. Newcomb, and H. D. Ardrey & Co., in the alleged trust fund sued for.

Nowhere in the transcript of the record or in the statement of facts does the name of M. G. Rose, Wyler Boyle, or Alice Jones appear. The names of E. W. Rose, Melvin Boyle, and C. D. Adams appear as parties plaintiff in appellees' second amended original petition. F. I. Clark, Mrs. J. G. Fleming, Miss Alice Joyce, and R. C. Newcomb were shown by the undisputed testimony to have had no interest in the fund sued for at the time suit was instituted.

It is an old and well-established rule of law that parties, interested in the subject-matter of litigation, and whose rights are involved, and whose interest will reasonably be affected by any decree that may be rendered, are necessary parties thereto. Collins v. Herd (Tex. Civ. App.) 295 S. W. 216; Needham v. Cooney (Tex. Civ. App.) 173 S. W. 979; Barmore v. Darragh et al. (Tex. Civ. App.) 227 S. W. 522. This rule only applies to rights existing at the time of the filing of suit. May v. Slade, 24 Tex. 205.

It was disclosed by appellees' pleadings, and conclusively shown by the evidence, that no other persons than appellees were interested in the subject-matter of litigation, and, further, that the rights of no other persons than those of appellees were involved at the time suit was filed. The fact that persons other than appellees, prior to the filing of this suit, did have an interest in the original sum of money for which the stock involved was sold, did not make such other persons necessary parties to this suit; their inter-

ests having been settled for before suit was filed. As to the ruling of the court sustaining the plea in abatement because H. D. Ardrey & Co. and H. D. Ardrey were not before the court as parties plaintiff or defendant, it is sufficient to say, said H. D. Ardrey and H. D. Ardrey & Co., after said plea had been sustained, voluntarily made themselves parties defendants; therefore they were before the court, and the judgment disposed of their rights, if any they had in the fund sued for.

██ Appellees were the sole owners of the fund in controversy at the time suit was instituted, and, notwithstanding such ownership was in severalty, they, as alleged in their pleadings, having agreed to prorate same among themselves, the court was not called upon to apportion the fund sued for, as no right or interest of appellant was involved or denied by failure of the court to make apportionment of said fund. The material cause of action against appellant was to recover the fund sued for and not for the division thereof by the court. Appellant duly excepted to the judgment at the time same was rendered, and gave notice of appeal to this court; therefore the judgment should have recited such proceedings. This the judgment did not do. R. S. 1925, art. 2253 (as amended by Acts 1927, c. 15, § 1) in part reads:

"An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellant giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record."

This statute is mandatory, and confers on a litigant the right to prosecute an appeal direct from the judgment rendered or through a motion for a new trial. Therefore appellant's notice of appeal should have been noted on the court's trial docket and incorporated in its judgment. Luse v. Parmer (Tex. Civ. App.) 221 S. W. 1031, Morris v. Auld (Tex. Civ. App.) 255 S. W. 253. However, this error became harmless, as appellant duly perfected its appeal based upon its motion for a new trial.

Appellant, by its proposition herein designated (e), complains of the overruling of its special exception to paragraph 1 of appellees' second amended original petition. The ground of said exception was that the number of shares of stock, the exact sum of money paid therefor, and how and in what manner the stock was purchased, was not alleged therein, and contends that such allegations should have been made in order to enable appellant to discover whether or not said funds were trust funds and if appellees were entitled to recover same.

Paragraph 1, excepted to, was only an introductory statement showing the origin of appellees' dealings with H. D. Ardrey & Co., through which the shares of stock involved were purchased, and was not intended to embrace the allegations, for the want of which said exception was presented, as the succeeding paragraphs of said petition, as shown by the above brief statement therefrom, contained all of the allegations of facts essential to state a cause of action in favor of appellees and against appellant. The allegations contained in said section 1 were an integral part of appellees' second amended original petition and material to the other allegations of said petition. Furthermore, it could be of no moment to appellant to know the number of shares, the exact sum of money paid for same, and how and in what manner the stock was purchased, as such information could have no bearing upon the issues of fact necessary to be established favorably to appellees in order for them to recover the fund sued for. This because, in order for appellees to allege a cause of action against appellant, it was only necessary for them to present the following issues: (a) Whether or not the fund sued for was a trust fund; (b) whether or not appellees were the owners thereof and entitled to recover same.

██ We hold the correct rule of practice to be that in passing upon a special exception, the portion of a plea excepted to should be considered in connection with other parts of such plea, and if, when so considered, the portion of the plea excepted to should be found to be material to other portions thereof, and with which a valid plea would be presented, namely, void of the imperfections charged therein by such exception, then the exception should be overruled.

It is not the policy of the law to sanction a procedure that would render a plea otherwise sufficient insufficient by giving effect to a special exception addressed to an isolated provision thereof, incomplete within itself; however, when taken in connection with other allegations, to which the portion of the plea excepted to is material, and, considered in connection therewith, is found essential to a comprehensive presentation of the cause of action or the ground of defense, different portions of a plea are necessarily at times interdependent one upon another, in order to present under the rules of pleading a cause of action or a defense thereto.

██ We have carefully examined and find no merit in propositions herein designated (f) and (g), complaining of the action of the court in overruling appellant's pleas of limitation, on the ground that appellees' second amended petition, filed more than two years after the alleged loss, was based upon new matters different and distinct from that set out in plaintiff's original petition, and on the ground that, after it was shown to the trial court that money as originally sued for by appellees could not be the subject of con-

version, as alleged in appellees' original petition, the change thereafter made in appellees' second amended original petition, to wit, allegation that the money sued for was for money diverted, was such a change in the nature of the suit as to be a new cause of action.

Appellant contends that a new cause of action, different and distinct from that alleged in appellees' original petition, was alleged in their second amended original petition, in this, that in said amended petition new matters were for the first time alleged, viz.: (a) An attempt to change or vary the sum of money originally alleged as deposited with appellant; (b) that said money was property belonging to appellees; (c) that said sum deposited with appellant was a portion of the amount due and owing appellees and still due and owing; (d) that appellees changed their cause of action when their pleadings were changed from a suit in the nature of trover by conversion to one in the nature of damages by reason of appellant having diverted the fund deposited to the credit of H. D. Ardrey & Co. The change wrought in appellees' original petition by the filing of their second amended original petition is shown by the material allegations of said respective petitions, as set out in this opinion, and it can only be apparent therefrom that appellees amended their original petition to supply defective averments, viz. alleging the total amount received by appellant from Carden, Green & Co.; that the exact amount they could not state, but that the total amount so remitted was $13,238.79, "as plaintiffs are informed and believe, the exact amount, however, plaintiffs cannot now positively state, but the exact amount so received by said defendant bank on or about said date is well known to said defendant bank."

The amount for which the entire stock was alleged to have been sold by Carden, Green & Co. and the sum realized from such sale alleged to have been deposited with appellant was $13,238.79, or more, "the exact amount plaintiffs cannot now state." However, in each petition the amount sued for by appellees was alleged to be $2,513.34. Conceding that as originally brought appellees' suit was strictly one for conversion of funds, and that the amended petition alleged a suit based upon the diversion of funds, there existed at best only a technical distinction between the two causes of action, as, under the facts alleged, a recovery upon the original petition would have been an absolute bar to a recovery under the allegations contained in the amended petition; the material allegations in both of the petitions would have been suported by the same evidence; the measure of damages, to wit, $2,513.34, was the same in each petition, and the allegations of each petition were subject to the same defense.

Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707; San Antonio, etc., Co. v. Bracht (Tex. Civ. App.) 157 S. W. 269, 270; Scoby v. Sweatt, 28 Tex. 713; Becton v. Alexander, 27 Tex. 659; Killebrew v. Stockdale, 51 Tex. 529; Thouvenin v. Lea, 26 Tex. 612; Adams-Burks-Simmons Co. v. Johnson, 51 Tex. Civ. App. 583, 113 S. W. 176–178; Galveston, etc., Co. v. Smith, 9 Tex. Civ. App. 450, 29 S. W. 186; Cotter v. Parks, 80 Tex. 539, 16 S. W. 307.

We therefore hold that the petition did not set up a new and different cause of action, but only stated more fully and accurately the facts upon which the original petition was based. Therefore the statute of limitations presented no barrier to appellees' filing their second amended original petition at any time that an amendment may be filed under the rules regulating practice in reference thereto.

The cause of action alleged in the said amended petition was for the same sum of money arising out of the same transactions as alleged in appellees' original petition.

The record not disclosing any reversible error, the judgment of the court below is in all things affirmed.

Affirmed.